IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Brandon Hoffman,                      Case No. 3:15 CV 1200

           Petitioner,             MEMORANDUM OPINION
                                           AND ORDER
      -vs-
                                           JUDGE JACK ZOUHARY
Mark Hooks, Warden,

           Respondent.

## INTRODUCTION

Brandon Hoffman, a state prisoner, filed a Petition for Writ of Habeas Corpus asserting a single ground for relief: the state court violated his Fourth and Fourteenth Amendment rights by refusing to suppress evidence obtained pursuant to an arrest warrant allegedly issued without probable cause (Doc. 1 at 2). The case was referred to Magistrate Judge James Knepp for a Report and Recommendation ("R&R"). Hoffman moved to supplement the record with transcripts of his oral arguments in front of the state court of appeals and Ohio Supreme Court (Doc. 14). He argues those transcripts are necessary to determine whether he was afforded a full and fair opportunity to litigate his Fourth Amendment claim in state court. The Magistrate Judge recommends this Court deny both the Motion to Supplement and the Petition (Doc. 16). Hoffman, through counsel, timely objected (Doc. 21). Accordingly, this Court has reviewed the R&R's conclusions *de novo*. *See* 28 U.S.C. § 636(b)(1); *Hill v. Duriron Co.*, 656 F.2d 1208, 1213 (6th Cir. 1981).

This Court adopts the R&R and denies the Motion to Supplement and the Petition.

**BACKGROUND**

Hoffman first objects to the R&R's reliance on the facts described in the Ohio Supreme Court opinion (Doc. 21 at 1). He argues that court "had a poor grasp of the facts" and, by relying on them, the R&R "minimized the scope and severity of the [Fourth] Amendment violation" (*id.* at 2). Hoffman's objection is not to the R&R, but to the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), which governs habeas corpus review. Under AEDPA, a federal court looks to the decision of the last state court to adjudicate the merits -- here the Ohio Supreme Court -- and presumes that court's factual findings correct in the absence of clear and convincing evidence to the contrary. *See* 28 U.S.C. § 2254(e)(1); *Davis v. Lafler*, 658 F.3d 525, 531 (6th Cir. 2011).

Hoffman fails to demonstrate by clear and convincing evidence the Ohio Supreme Court erred in its recitation of the facts. This Court overrules the Objection and adopts the R&R's factual and procedural history by reference. Still, this Court will take note of the additional facts identified in the Objection (Doc. 21 at 2), for whatever their worth.

The facts in brief: Toledo police arrested Hoffman on charges of theft, "criminal damaging," and "house stripping prohibited" (Doc. 16 at 2). Hoffman challenged the legality of his arrest, claiming the arrest warrants were invalid because they did not rest on a probable-cause determination. After a suppression hearing, the trial court found the officer who obtained the warrants failed to submit information supporting a probable-cause finding. Nonetheless, the court felt binding appellate precedent required it to find the warrants complied with state and federal law (*id.* at 3). On appeal, the Ohio Sixth District Court of Appeals overruled its precedent and concluded the warrants were invalid, but refused to suppress the evidence because the officers acted in good-faith reliance on the facial validity of the warrants. The Ohio Supreme Court affirmed, recognizing the warrants were

invalid but that suppression was neither automatic nor appropriate because the officers reasonably relied on the warrants (*id.* at 3–4).

## DISCUSSION

Hoffman raises two objections to the R&R's analysis: (1) the R&R failed to address his substantive due process claim under the Fourteenth Amendment, and thereby ignored "that the specific protection of the [Fourth] Amendment is not the exclusive means of adjudicating his claim"; and (2) the R&R wrongly concluded Hoffman's claim is non-cognizable on federal habeas review under the Supreme Court's holding in *Stone v. Powell* 428 U.S. 465 (1976) (Doc. 21 at 2–4). This Court overrules both objections.

First, substantive due process under the Fourteenth Amendment cannot be used to analyze Hoffman's exclusionary rule claim. *Albright v. Oliver*, 510 U.S. 266, 286 (1994). To support his argument to the contrary, Hoffman cites Justice Souter's solo concurrence in *Albright*, 510 U.S. at 286. But the plurality opinion in *Albright* controls in this Circuit. *See Thacker v. City of Columbus*, 328 F.3d 244, 258 (6th Cir. 2003).

"Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *Id.* (quoting *Albright*, 510 U.S. at 273–74). The Fourth Amendment provides an explicit textual source for the constitutional protection Hoffman claims was violated -- requiring a finding of probable cause before issuing an arrest warrant. *See Albright*, 510 U.S. at 274 ("The Framers considered the matter of pretrial deprivations of liberty and drafted the Fourth Amendment to address it."); *Thacker*, 328 F.3d at 258 ("[T]he Fourth Amendment . . . governs 'deprivations of liberty that go hand in hand with

3

criminal prosecutions.'" (quoting *Albright*, 510 U.S. at 273–74)). Therefore, substantive due process under the Fourteenth Amendment, "with its scarce and open-ended guideposts," cannot be used to analyze Hoffman's exclusionary rule claim. *Albright*, 510 U.S. at 275 (internal quotation marks omitted). The R&R properly focused its inquiry on the Fourth Amendment.

Second, Hoffman's Fourth Amendment claim is non-cognizable on federal habeas corpus review. *Good v. Berghuis*, 729 F.3d 636, 639 (6th Cir. 2013) (citing *Stone v. Powell*, 428 at 468). If a state prisoner has had "'the opportunity for full and fair consideration' of [his exclusionary rule] claim[] in state court," then "federal habeas corpus review of [the] state prisoner's Fourth Amendment claim" is barred. *Good*, 729 F.3d at 637–38 (quoting *Stone*, 428 U.S. at 486). "[O]pportunity for full and fair consideration means an available avenue for the prisoner to present his claim to the state courts, not an inquiry into the adequacy of the procedure actually used to resolve that particular claim." *Id.* at 638 (internal quotation marks omitted). "[T]he state court need do no more 'than take cognizance of the constitutional claim and render a decision in light thereof.'" *Id.* at 638 (quoting *Moore v. Cowan*, 560 F.2d 1298, 1302 (6th Cir. 1977)). In short, this Court asks: "Did the state courts permit the defendant to raise the claim or not?" *Id.* at 640.

Here, Hoffman clearly had the opportunity to raise his Fourth Amendment claim in state court; indeed, he argued his cause all the way to the Ohio Supreme Court (Doc. 9-1, Ex. 23). And, from the state courts' opinions, it is clear they were cognizant of Hoffman's Fourth Amendment claim (*see* Doc. 9-1, Exs. 10 & 19; Doc. 9-2, Ex. 29) ("Hoffman asserts that there can be no good-faith reliance on the arrest warrants in this case because the deputy clerk had wholly abandoned her judicial role as a neutral and detached magistrate when she failed to make a probable-cause determination when issuing the arrest warrants. We do not agree."). While Hoffman argues *Riley v. Gray*, 674 F.2d 522,

4

526–27 (6th Cir. 1982), requires a deeper investigation into the adequacy of the state-court process, the Sixth Circuit expressly rejected the cited proposition as dicta in *Good*, 729 F.3d at 638.

## CONCLUSION

This Court overrules Hoffman's Objection (Doc. 21) and adopts the R&R (Doc. 16). The Motion to Supplement (Doc. 14) and the Petition (Doc. 1) are denied. This Court further certifies there is no basis to issue a certificate of appealability. 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

        s/ *Jack Zouhary*
    JACK ZOUHARY
    U. S. DISTRICT JUDGE

August 2, 2016